## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **V.** | * | **Case No.  2:05-300-MHT** |
| | * | |
| **LEENANDORA WOODS,** | * | |
| | * | |
| **Defendants.** | | |

## DEFENDANT' S REQUESTED JURY INSTRUCTIONS

Comes now the defendant, Leenandora Woods, and submits these requested jury

instructions for the Court's consideration.

Respectfully submitted,

> s/ Susan G. James
> SUSAN G. JAMES
> Attorney at Law
> 600 S. McDonough Street
> Montgomery, Alabama 36104
> Phone (334) 269-3330
> Fax: (334) 263-4888
> E-mail: sgjamesandassoc@aol.com
> Bar No. ASB7956J64S

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2006, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system which will send notification of such filing to the following:

Susan R. Redmond
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama 36101

s/Susan G.James
SUSAN G. JAMES
Attorney at Law
600 S. McDonough Street
Montgomery, Alabama 36104
Phone :(334) 269-3330
Fax: (334) 263-4888
E-mail: sgjamesandassoc@aol.com
Bar No. ASB7956J64S

**2.1**
## DUTY TO FOLLOW INSTRUCTIONS
## PRESUMPTION OF INNOCENCE

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explained it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

GIVEN _____    MODIFIED _____    REFUSED _____

_____
United States District Judge

**2.2**

**DUTY TO FOLLOW INSTRUCTIONS**
**PRESUMPTION OF INNOCENCE**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explained it to you whether you agree with the law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt.  Indeed, every Defendant is presumed by the law to be innocent.  The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

GIVEN _____    MODIFIED _____    REFUSED _____

_____
United States District Judge

4

**3**

## DEFINITION OF REASONABLE DOUBT

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, you must find him not guilty.


GIVEN _____      MODIFIED _____      REFUSED _____


_____
United States District Judge


5

**4.1**

## CONSIDERATION OF THE EVIDENCE
## DIRECT AND CIRCUMSTANTIAL
## ARGUMENT OF COUNSEL

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

GIVEN _____     MODIFIED _____     REFUSED _____

_____
United States District Judge

**4.2**

## CONSIDERATION OF THE EVIDENCE, DIRECT AND CIRCUMSTANTIAL – ARGUMENT OF COUNSEL COMMENTS BY THE COURT

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

GIVEN _____     MODIFIED _____     REFUSED _____


_____
United States District Judge

**5**

**<u>CREDIBILITY OF WITNESSES</u>**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

GIVEN _____    MODIFIED _____    REFUSED _____

_____
United States District Judge

8

**6.1**

**<u>IMPEACHMENT - - INCONSISTENT STATEMENT</u>**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.

So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

GIVEN _____     MODIFIED _____     REFUSED _____

_____
United States District Judge

9

**6.2**

**IMPEACHMENT INCONSISTENT STATEMENT AND FELONY CONVICTION**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving  dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.

So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

GIVEN _____    MODIFIED _____    REFUSED _____

_____

United States District Judge

10

**6.4**

## <u>IMPEACHMENT INCONSISTENT STATEMENT</u>
## (DEFENDANT TESTIFIES WITH FELONY CONVICTION)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.

So, if a witness has made a misstatement, you need to consider whether it was simply innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. [Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime(s) for which the Defendant is on trial.]

GIVEN _____    MODIFIED _____    REFUSED _____

_____
United States District Judge

11

**6.7**

## <u>IMPEACHMENT</u>
## <u>BAD REPUTATION (OR OPINION) CONCERNING TRUTHFULNESS</u>

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have an unfavorable opinion of the truthfulness of the witness.

You may consider those matters in deciding whether to believe or disbelieve such a witness.

GIVEN _____    MODIFIED _____    REFUSED _____

_____
United States District Judge

**7**

## EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

GIVEN _____     MODIFIED _____     REFUSED _____

_____
United States District Judge

**11**

## DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

GIVEN _____     MODIFIED _____     REFUSED _____


_____
United States District Judge

14

**12**

**<u>VERDICT</u>**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

GIVEN _____     MODIFIED _____     REFUSED _____

_____
United States District Judge

15

## 1.1

### <u>ACCOMPLICE - INFORMER - IMMUNITY</u>

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

GIVEN _____    MODIFIED _____    REFUSED _____

_____
United States District Judge

**1.3**

## ACCOMPLICE - - ADDICTIVE DRUGS - - IMMUNITY

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who was using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time. Also, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

GIVEN _____    MODIFIED _____    REFUSED _____

_____
United States District Judge

**2.1**
**CONFESSION - STATEMENT**
**(SINGLE DEFENDANT)**

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

GIVEN _____    MODIFIED _____    REFUSED _____

_____
United States District Judge

**85**

**CONTROLLED SUBSTANCES**
**(POSSESSION WITH INTENT TO DISTRIBUTE)**
**21 USC § 841(A)(1)**

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

_____ is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:   That the Defendant knowingly and willfully possessed _____ as charged;

Second:      That the Defendant possessed the substance with the intent to distribute it; and

Third:   That the weight of the _____ possessed by the Defendant was in excess of _____ as charged.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

[The Defendant[s] [is] [are] charged in the indictment with [distributing] [possessing with intent to distribute] a certain quantity or weight of the alleged controlled substance[s]. However, you may find [the] [any] Defendant guilty of the offense if the quantity of the controlled substance[s] for which [he] [she] should be held responsible is less than the amount or weight charged. Thus the verdict form prepared with respect to [the] [each] Defendant, as I will explain in a moment, will require, if you find [the] [any] Defendant guilty, to specify on the verdict your unanimous finding concerning the weight of the controlled substance attributable to the Defendant.]

19

**ANNOTATIONS AND COMMENTS**

21 USC § 841(a) provides:

> . . . it shall be unlawful for any person knowingly or intentionally - -

> > (1)    to . . . possess with intent to . . . distribute . . . a controlled substance . . . .

Maximum Penalty:    Depends upon the nature and weight of the substance involved.  <u>See</u> 21 USC § 841(b).

The Committee recognizes - - and cautions - - that sentence enhancing factors subject to the principle of <u>Apprendi</u>, including weights of controlled substances under 21 USC § 841(b), are not necessarily "elements" creating separate offenses for purposes of analysis in a variety of contexts. See <u>United States v. Sanchez</u>, 269 F.3d 1250, 1257 fn. 51 (11th Cir. 2001) <u>en</u> <u>banc</u>, <u>cert</u>. <u>denied</u>, __ ___ U. S. _____, 122 S.Ct. 1327 (2002).  Even so, the lesser included offense model is an appropriate and convenient procedural mechanism for purposes of submitting sentence enhancers to a jury when required by the principle of <u>Apprendi</u>.  This
would be especially true in simpler cases involving single Defendants.  See Special Instruction 10 and the verdict form provided in the Annotations And Comments following that instruction.  If the lesser included offense approach is followed, using Special Instruction 10 and its verdict form, then the bracketed language in this instruction explaining the significance of weights and the use of a special verdict form specifying weights, should be deleted.

Alternatively, in more complicated cases, if the bracketed language in this instruction concerning weights is made a part of the overall instructions, followed by use of the special verdict form below, then the Third element of the instructions defining the offense should be deleted.  The following is a form of special verdict that may be used in such cases.

Special Verdict

1.    We, the Jury, find the Defendant [name of Defendant] _____ as charged in Count [One] of the indictment.  [<u>Note</u>:  If you find the Defendant not guilty as charged in Count [One], you need not consider paragraph 2 below.]

2.    We, the Jury, having found the Defendant guilty of the offense charged in Count [One], further find with respect to that Count that [he] [she] [distributed] [possessed with intent to distribute] [conspired to possess with intent to distribute] the following controlled substance[s] in the amount[s] shown (place an X in the appropriate box[es]):

20

[(a)     Marijuana - -
    (i)       Weighing 1000 kilograms or more   ☐
    (ii)      Weighing 100 kilograms or more      ☐
    (iii)     Weighing less than 100 kilograms  ☐]

[(b)     Cocaine - -
    (i)       Weighing 5 kilograms or more       ☐
    (ii)      Weighing 500 grams or more     ☐
    (iii)     Weighing less than 500 grams     ☐]

[(c)     Cocaine base ("crack" cocaine) - -
    (i)       Weighing 50 grams or more      ☐
    (ii)      Weighing 5 grams or more       ☐
    (iii)     Weighing less than 5 grams     ☐]

SO SAY WE ALL.

_____
Foreperson

Date:_____

Multiple sets of the two paragraphs in this Special Verdict form will be necessary in the event of multiple counts of drug offenses against the same Defendant.

GIVEN _____    MODIFIED _____    REFUSED _____

_____
United States District Judge

**5**

**EXPLANATORY INSTRUCTION**
**TRANSCRIPT OF TAPE RECORDED CONVERSATION**

As you have heard, Exhibit __ has been identified as a typewritten transcript of the oral

conversation that can be heard on the tape recording received in evidence as Exhibit ___.  The

transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in

following the content of the conversation as you listen to the tape recording, and also to aid you

in identifying the speakers.

However, you are specifically instructed that whether the transcript correctly or

incorrectly reflects the content of the conversation or the identity of the speakers is entirely for

you to determine based upon your own evaluation of the testimony you have heard concerning the

preparation of the transcript, and from your own examination of the transcript in relation to your

hearing of the tape recording itself as the primary evidence of its own contents; and, if you should

determine that the transcript is in any respect incorrect or unreliable, you should disregard it to

that extent.


GIVEN _____     MODIFIED _____     REFUSED _____


_____

United States District Judge


22

## <u>SIMPLE POSSESSION</u>

Defendant would request an instruction on a lesser included offense of simple possession.

*Schmuck v. United States, 489 U.S. 705 (1989); United States v. Lee, 68 F. 3d 1267*

*(11ᵗʰCir.1995); FrCrP 31 and 21 U.S.C. 844, 844(a).*

GIVEN _____    MODIFIED _____    REFUSED _____

_____
United States District Judge

23