**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| **PLAINTIFF,** | * |
| | * |
| **v.** | * **CASE NO. 2:05cr-00300-MHT-VPM-1** |
| | * |
| **LEEANDORA WOODS,** | * |
| | * |
| **DEFENDANT.** | * |

**MOTION TO CONTINUE OR IN THE ALTERNATIVE MOTION TO WITHDRAW**

Comes now the Leeandora Woods by and through undersigned counsel and files this motion to continue or in the alternative motion to withdraw and in support thereof states the following:

1.  The trial of this case was originally set for August 7, 2006.  The Government filed a motion to continue which was denied.

2.  The Magistrate Court conducted a hearing on June 20, 2006 and completed on June 26, 2006 on Woods' motion to suppress evidence.  On July 19, 2006 the Magistrate Judge recommended that the evidence be suppressed.

3.  On or about August 3, 2006 the court held a telephone conference regarding the reopening of evidence for consideration by the district court.  A hearing was set and conducted on August 4, 2006.  The court instructed counsel that jury selection would be conducted on August 7, 2006.  Due to prior out of town scheduling undersigned counsel was required to seek the assistance of Denise A. Simmons, a firm associate, to conduct jury selection.

4. Counsel was initially told by the court that Woods trial would begin after the conclusion of sentencing in *United States v. Leon Carmichael*, Case No. 03-259-T which is scheduled August 14, 2006. The undersigned was advised by Denise Simmons that the trial date had been advanced to August 11, 2006. Counsel has been waiting on the court's opinion on the suppression matter which was issued at approximately 2:30 p.m. on today's date.

5. Counsel immediately traveled to the Montgomery City Jail to discuss a proposed plea agreement with Woods and the court's denial of his motion to suppress. The court directed that it be contacted no later than 5:00 p.m. to inform the court whether there would be a trial or a plea.

6. While at the City Jail visiting Woods counsel spoke telephonically with AUSA Susan Redmond. Counsel also spoke with Redmond after leaving the jail. Counsel submits to this court that absent a continuance of this trial the ability to meaningfully negotiate a settlement for representation of Woods compromises his Sixth Amendment right to counsel.

7. In making a decision on this motion the court should know that for the past two weeks counsel has been enthralled with matters stemming from an alleged death threat from Leon Carmichael. This required two days of testimony. During that time counsel was unable to forecast the court's ruling in order to counsel Woods on the impact of the courts ultimate decision on his motion to suppress. The courts reopening of evidence further limited counsel's ability to counsel Woods. Upon completion of court on the Woods' matter on Friday, August 4, 2006, counsel was required to attend court in the matter of *City of Tallassee v. Barker*. Upon completion of that hearing counsel went out of town for a rodeo event involving her minor son.

8. Counsel's schedule on Monday, August 7, 2006 involved a legal visit with Melvin

Pierce, Jr., a federal inmate at the Federal Correction Institution in Edgefield, South Carolina. Counsel and her minor son traveled from North Georgia after completion of the rodeo on Sunday afternoon to Augusta, Georgia. Upon arrival in Augusta counsel experienced a breakdown of the truck she was driving. The truck had to be towed for repairs. Counsel was notified today that the vehicle was been repaired. This scenario required counsel's older son to travel to Augusta for transportation home. This delayed counsel's ability to visit Woods on Monday or Tuesday. Due to the need for investigative work in the Carmichael matter involving the alleged death threat and other matters, counsel was unable to visit Woods in the jail until after the court entered its order denying the motion to suppress at approximately 2:30 p.m. on today's date.

9.    Woods has possible criminal exposure in Detroit, Michigan stemming from his arrest subsequent to the December 2005 dismissal of the original indictment. In order to effectively negotiate a plea of guilty for Woods, counsel needs to communicate with the U. S. Attorney's Office in Detroit. This could not be accomplished before 5:00 p.m. on today's date.

10.    Wherefore the undersigned respectfully requests that this court continue the trial of this case so that meaningful discussions can be conducted with Woods while at the same time trying to reach a global settlement of all Woods potential legal problems. If the court is not inclined to grant the motion to continue, the undersigned respectfully requests that she be permitted to withdraw as counsel for Woods based on her inability to provide effective assistance guaranteed by the Sixth Amendment of the United States Constitution.

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street

Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: JAM012

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2006, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system which will send notification of such filing to the following:


Susan G. Redmond
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101


Respectfully submitted,


s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: JAM012