IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-cr-300-MHT |
| | ) | |
| LEENANDORA WOODS | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and in response to Defendant's Motion to Withdraw Guilty Plea, states as follows:

The Defendant filed a Motion to Withdraw Guilty Plea on or about January 4, 2007, which moves to withdraw the Defendant's guilty plea based on the fact that the plea was not made voluntarily and knowingly, in that he "never wanted to ple[ad] guilty" and "was forced into doing everything,". On or about January 5, 2007, the Court issued an Order directing the United States to respond by January 12, 2007.

**PROCEDURAL HISTORY**

On December 14, 2005, a Federal Grand Jury returned a 2 - count Indictment against the Defendant charging him with (1) knowingly and intentionally distributing and possessing with intent to distribute 50 grams or more of cocaine base, commonly known as "crack", a Schedule II Controlled Substance, and a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and; (2) knowingly and intentionally possessing marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 844. All conduct was

alleged to have occurred on or about November 1, 2005, in Montgomery County, Alabama, within the Middle District of Alabama.(Doc.1.)

On May 12, 2006, the Defendant filed a Motion to Suppress.(Doc.20.)

On May 17, 2006, the Defendant filed a Supplemental Motion to Suppress. (Doc.26.)

On May 31, 2006, the Government filed its Response to the Defendant's Motion to Suppress.(Doc.29.)

On June 20 and 26, 2006, an evidentiary hearing was held before United States Magistrate Judge Vanzetta Penn McPherson. A Report and Recommendations was filed by Judge McPherson on July 19, 2006, wherein she recommended that the Defendant's Motion to Suppress be granted. (Doc.43.)

On August 1, 2006, the Government filed its Objections to the Report and Recommendations of Judge McPherson.(Doc.52.)

On August 10, 2006, the Court issued a written Opinion (Doc.57.), Order (Doc.58.), and Supplemental Opinion and Order (Doc.68.) sustaining the Government's objections, finding that the police had reasonable suspicion to conduct a *Terry* stop of the Defendant's vehicle, and denying the Defendant's Motion to Suppress.

On August 11, 2006, the Defendant entered into a plea agreement with the United States pursuant to Federal Rules of Criminal Procedure 11(a)(2) and 11(c)(1)(C). The plea agreement provides that in consideration of the Government's agreement that a 2-level reduction in the applicable offense level for Defendant's acceptance of responsibility is appropriate; the Government's agreement to file a motion for a downward departure, of at least 3 levels, if Defendant completes his obligations in substantially assisting the Government; and, the Government's agreement that Defendant, specifically, did not waive his right to appeal the issues

raised in his Motion to Suppress or argued in either of the evidentiary hearings held as to the suppression motion, the Defendant would enter a plea of guilty to Counts 1 and 2 of the Indictment and agree to cooperate with the Government as detailed by the Cooperation Agreement contained within the plea agreement.(Doc.70.)

On August 14, 2006, the Defendant filed his Consent to plead guilty before a Magistrate Judge (Doc. 69.) and plead guilty to Counts 1 and 2 of the Indictment before Judge Delores R. Boyd.(Doc. 71.)

On August 16, 2006, the Court accepted the Defendant's guilty plea. (Doc. 72.)

On October 12, 2006, the Defendant appeared before this Court for sentencing. The Defendant, at that time, orally motioned to withdraw his guilty plea, requested a continuance of his sentencing to allow him the opportunity to substantially assist the United States in an on-going investigation, and orally motioned to withdraw his Oral Motion to Withdraw. The Court granted the Defendant's Oral Motion to Withdraw Oral Motion to Withdraw Guilty Plea and continued the Defendant's sentencing until January 31, 2007.(Doc.75.)

## DISCUSSION

Rule 11(d) Federal Rules of Criminal Procedure, allows a defendant to withdraw a guilty plea (1) before the court accepts the plea, for any reason; (2) after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal.

In the present case, this Court has accepted the guilty plea but has not accepted or rejected the plea agreement entered into by the parties.(Doc.72.) The Court, therefore, should consider Defendant's Motion to Withdraw pursuant to F.R.Cr.P.11(d)(2)(B), which requires the Defendant to, "...show a fair and just reason for requesting the withdrawal."

"The decision to allow withdrawal of the guilty plea is left to the sound discretion of the trial court." United States v. McCarty, 99 F.3d 383 (11th Cir. 1996). "In determining whether the defendant has met his burden... a district court must consider whether (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Najjar, 283 F.3d 1306 (11th Cir. 2002). In determining whether the defendant has met his burden, the district court may consider the totality of the circumstances surrounding the plea. United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004).

Defendant appears to argue in his Motion that the "fair and just" reason for requesting the withdrawal is the fact that at the time he entered his guilty plea he did not want to and was forced. The Government is not aware of any information or evidence which would support such a contention and it is certainly unclear from the Motion by whom the "force" came or the nature, context and degree of the "force" or threat. However, if the Defendant's assertions are shown to be true, the government acknowledges that he should be allowed to withdraw his plea of guilty and proceed to a trial of the issues before a jury of his peers as guaranteed by the Constitution of the United States.

The record in this case establishes that the Defendant knowingly and voluntarily stated his understanding of his rights, knowledge of the charges pending against him, the possible penalties he faced, and the terms of the plea agreement. Further, the record shows that the Defendant, under oath, during the entry of his guilty plea, stated to the Court that he was entering the guilty plea knowingly and voluntarily and that no threats or coercive behavior had been used against him and that no promises, outside of those in the plea agreement, had been made to him to garner his change of plea. It is the belief and recollection of the United States that the

Defendant reiterated the knowing and voluntary nature of his guilty plea on October 12, 2006, at the time he orally motioned the Court to withdraw his Motion to Withdraw Guilty Plea.(Doc.75.)

Finally, while the Government concedes that it would not be prejudiced should the Court allow the Defendant to withdraw his guilty plea, the Government does assert that in reaching such a decision the Court should, after considering the remaining factors set out in Najjar, determine that the Defendant has not met his burden. Specifically, it is obvious that close assistance of counsel was available before and during the change of plea process; and judicial resources will be conserved by denying this motion.

## CONCLUSION

Based on the totality of the circumstances surrounding the defendant's change of plea, consideration of those factors articulated in Najjar, and the failure of the defendant to articulate facts that would entitle him to the relief he seeks, the United States of America respectfully requests that the Defendant's Motion to Withdraw Guilty Plea be denied.

Respectfully submitted this 9th day of January, 2007.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax
susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-CR-300-MHT |
| | ) | |
| LEENANDORA WOODS | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan G. James.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223-7280
334.223.7135 (fax)
susan.redmond@usdoj.gov